IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL RICHARD BALENTI,<br><br>                      Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                      Defendant. | MEMORANDUM DECISION AND ORDER DENYING IN PART PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE<br><br>Case No. 2:19-CV-307 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Petitioner raises five claims of ineffective assistance of counsel and a substantive claim for the purpose of preserving the issue. For the reasons discussed, the Court will hold an evidentiary hearing on one of Petitioner's ineffective assistance claims and deny the remaining claims.

I. BACKGROUND

Petitioner was charged with possession of methamphetamine with intent to distribute and possession of heroin with intent to distribute. Petitioner pleaded guilty to the methamphetamine count. In exchange for his guilty plea, the United States agreed to forego the filing of a sentencing enhancement under 21 U.S.C. § 851, which would have subjected Petitioner to increased mandatory penalties.

A Presentence Report was prepared in anticipation of sentencing. The Presentence Report's author concluded that Petitioner qualified as a career offender based on his prior drug convictions in California. Petitioner objected to the career offender classification, but the Court

1

overruled his objection. The Court sentenced Petitioner to 144 months' custody, a significant downward variance from the guideline range. Petitioner did not file a direct appeal.

## II. DISCUSSION

28 U.S.C. § 2255(a) provides,

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Petitioner's claims are based on alleged ineffective assistance of counsel. The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffective assistance of counsel. "To demonstrate ineffectiveness of counsel, the defendant must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[1] To establish prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[2]

A court is to review Petitioner's ineffective-assistance-of-counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[3] In addition, in evaluating counsel's performance, the focus is not on what is prudent or appropriate,

---

[1] *United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 690 (1984)).

[2] *Strickland*, 466 U.S. at 694.

[3] *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

but only what is constitutionally compelled.[4] Finally, "[t]here is a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[5]

A.   SUPPRESSION

Petitioner first argues that his plea was invalid because counsel incorrectly advised him that there were no successful grounds for suppression. Petitioner argues that the warrants obtained by law enforcement were obtained in violation of Federal Rule of Criminal Procedure 41 and law enforcement agents searched beyond the scope authorized by the warrants. Despite Petitioner's contention that counsel "overlooked"[6] the suppression issues, the record makes clear that counsel recognized and carefully analyzed the issue. Counsel spent a considerable portion of the change of plea hearing discussing potential Fourth Amendment issues.[7] After conducting research and discussing the issue with Petitioner and his co-counsel, counsel concluded that there was no binding Tenth Circuit authority on point.[8] Counsel further identified intervening causes and the good faith exception as potential barriers to a successful suppression motion.[9] Counsel also noted the benefit Petitioner received in pleading guilty with the government agreeing not to

---

[4] *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[5] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000) (quoting *United States v. Williams*, 948 F. Supp. 956, 960 (D. Kan. 1996)).

[6] Docket No. 1, at 1.

[7] Case No. 2:16-CR-167 TS, Docket No. 72, at 9–12.

[8] *Id.* at 10–11.

[9] *Id.* at 11.

file an information under 21 U.S.C. § 851.[10] With all of this then in mind, counsel specifically confirmed with Petitioner that he was pleading guilty voluntarily.[11]

Petitioner contends that counsel's analysis of the suppression issues was incorrect, but fails to point to binding authority on these specific issues. Given that "[t]he strong presumption in favor of attorney competence assumes that counsel makes a strategic evaluation after considering the relevant costs and benefits of certain actions," that "the case law is not settled in this Circuit," and that a suppression motion "could have harmed" Petitioner if the government withdrew its concession, the Court cannot conclude that counsel's performance was deficient.[12] Instead, the record confirms that counsel's advice was given after thorough research and consideration of the issues. An "attorney's decision not to file all motions requested by his clients [is] not ineffective assistance of counsel. Effective assistance 'does not demand that every possible motion be filed, but only those having a solid foundation.'"[13] The conclusion that Petitioner received effective assistance of counsel is further bolstered by the fact that Petitioner was represented by two counsel, only one of whom Petitioner asserts was ineffective.[14] Therefore, this claim fails.

---

[10] *Id.* at 12.

[11] *Id.*

[12] *United States v. Holloway*, 939 F.3d 1088, 1103–1104 (10th Cir. 2019).

[13] *United States v. Afflerbach*, 754 F.2d 866, 870 (10th Cir. 1985) (quoting *United States v. Crouthers*, 669 F.2d 635, 643 (10th Cir. 1982)).

[14] *United States v. Dunfee*, 821 F.3d 120, 128 (1st Cir. 2016) ("Where, as here, the defendant was represented by multiple attorneys, an ineffective assistance challenge is particularly difficult to mount.").

B.    CAREER OFFENDER

Petitioner next argues that counsel was ineffective for not arguing that his prior California convictions were not "felony drug offenses" as defined by 21 U.S.C. § 802(44) or "controlled substance offenses" under USSG § 4B1.2. Had counsel done so, Petitioner contends, he would not have pleaded guilty or faced a heightened guideline range.

The Tenth Circuit has stated that "the failure to object to the legally erroneous imposition of an enhancement under the Sentencing Guidelines constitutes ineffective assistance."[15] Therefore, to establish that his counsel was deficient, Petitioner must show that his base offense level was incorrectly calculated. To do so, he must establish that his prior convictions were "facially insufficient" to satisfy the definition of a controlled substance offense under the Sentencing Guidelines.[16]

Petitioner argues that his state convictions are not categorically a controlled substance or felony drug offense because California defines methamphetamine more broadly than federal law. More particularly, Petitioner argues that federal law is limited to one kind of methamphetamine isomer—the optical isomer—while California law is not so limited and includes geometric isomers.

---

[15] *United States v. Sims*, 218 F. App'x 751, 753 (10th Cir. 2007) (citing *Jansen v. United States*, 369 F.3d 237, 244 (3d Cir. 2004)).

[16] *See United States v. Kissick*, 69 F.3d 1048, 1056 (10th Cir. 1995), *abrogated on other grounds by United States v. Horey*, 333 F.3d 1185, 1187–88 (10th Cir. 2003) ("An attorney's failure to challenge the use of a prior conviction to classify the defendant as a career offender when that prior conviction is facially insufficient to satisfy the definition of a 'controlled substance offense' under USSG § 4B1.2 therefore constitutes deficient performance under *Strickland*.").

The Ninth Circuit found this reasoning persuasive in *Lorenzo v. Sessions*.[17] However, that decision was withdrawn and replaced with an unpublished decision.[18] It appears that this was done, in large part, because geometric isomers in methamphetamine do not exist.[19] After *Lorenzo*, the Ninth Circuit upheld a district court's factual determination that geometric isomers in methamphetamine do not exist.[20] "Because geometric isomers of methamphetamine are impossible, there exists 'no realistic probability' that [the defendant's] methamphetamine statute of conviction will be used to prosecute someone in connection with geometric isomers of methamphetamine."[21] This Court has reached the same conclusion when addressing a similar argument under Utah law.[22] Therefore, by failing to raise this issue, Petitioner's counsel performance was not deficient. Counsel is not required to raise a meritless issue.[23]

C.     FAILURE TO FILE AN APPEAL

Petitioner next argues that counsel was ineffective for failing to file an appeal on his behalf. The Supreme Court has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally

---

[17] 902 F.3d 930 (9th Cir. 2018).

[18] *Lorenzo v. Whitaker*, 752 F. App'x 482 (9th Cir. 2019).

[19] *Id.* at 485.

[20] *United States v. Rodriguez-Gamboa*, 972 F.3d 1148, 1151 (9th Cir. 2020).

[21] *Id.* at 1154 (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 206 (2013)). To fend off future issues of this nature, the Ninth Circuit held, "as a matter of law, that California's definition of methamphetamine is a categorical match to the definition under the federal CSA." *Id.* at 1154 n.5.

[22] *Babcock v. United States*, No. 2:18-CV-819 TS, 2020 WL 30345, at *9 (D. Utah Jan. 2, 2020), *aff'd*, 40 F.4th 1172 (10th Cir. 2022).

[23] *See United States v. Orange*, 447 F.3d 792, 797 (10th Cir. 2006).

unreasonable."[24] In such cases, prejudice is presumed.[25] This is true even when a defendant has waived his appeal rights.[26] "Under such circumstances a defendant is entitled to a belated appeal without showing the appeal to have merit."[27]

In the case of a defendant who does not instruct counsel to file an appeal, the Court must determine "whether counsel in fact consulted with the defendant about an appeal."[28] To adequately consult a defendant, counsel must advise "the defendant about the advantages and disadvantages of taking an appeal, and mak[e] a reasonable effort to discover the defendant's wishes."[29] "If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal."[30]

The Supreme Court has declined to impose "a bright-line rule that counsel must always consult with the defendant regarding an appeal."[31] Instead, the Court has held that counsel "has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are

---

[24] *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).

[25] *Id.* at 484.

[26] *Garza v. Idaho*, 586 U.S. 232, 237 (2019).

[27] *United States v. Parker*, 720 F.3d 781, 786 (10th Cir. 2013).

[28] *Flores-Ortega*, 528 U.S. at 478.

[29] *Id.*

[30] *Id.*

[31] *Id.* at 480.

nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."[32]

In making this determination, the Court "must take into account all the information counsel knew or should have known."[33] "[A] highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings."[34] In cases where a defendant pleads guilty, "the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights."[35] Further, "a sentencing court's clear explanation of appeal rights to a defendant may substitute for counsel's failure to consult about an appeal."[36]

Petitioner states that he "desired" to challenge the Court's career offender ruling on appeal. However, he does not state whether he requested counsel file an appeal or whether he expressed his desire to appeal to counsel. Given the significance of the career offender enhancement, it seems likely that counsel would believe that a rational defendant would want to appeal thereby triggering the duty to consult. The record contains no evidence about whether

---

[32] *Id.*

[33] *Id.*

[34] *Id.*

[35] *Id.*

[36] *Parker*, 720 F.3d at785 n.3; *see also Flores-Ortega*, 528 U.S. at 479–80 ("Or, for example, suppose a sentencing court's instructions to a defendant about his appeal rights in a particular case are so clear and informative as to substitute for counsel's duty to consult. In some cases, counsel might then reasonably decide that he need not repeat that information.").

counsel consulted Petitioner about an appeal or whether that consultation was adequate. Because the record does not "conclusively show that the prisoner is entitled to no relief,"[37] an evidentiary hearing on this issue is required.

D.    DOWNWARD DEPARTURE

Petitioner next argues that counsel failed to effectively seek a downward departure based on overrepresentation of criminal history. Petitioner acknowledges that counsel did make an overrepresentation argument but argues that he failed to point to certain facts that would have supported the argument. The Court cannot conclude that counsel's performance was deficient. Counsel made a number of arguments in support of a lesser sentence, including an argument that Petitioner's criminal history was overrepresented. The fact that counsel chose not to highlight certain facts that were already contained in the Presentence Report does not render his performance deficient. Similarly, there is nothing to suggest that Petitioner would have a lesser sentence had counsel emphasized these known facts. Therefore, this claim is denied.

E.    CAREER OFFENDER

Petitioner next argues that the Court's application of the career offender enhancement was erroneous. Petitioner makes this argument to preserve for further appeal. Based on the Court's prior ruling and the analysis above, there is no need to revisit this issue and the Court declines to do so.

---

[37] 28 U.S.C. § 2255(b).

F.        PARAGRAPHS 52, 54, AND 56 OF THE PRESENTENCE REPORT

Petitioner's final argument is that counsel should have insisted that the arrests identified in paragraphs 52, 54, and 56 be designated "failure to file" rather than "disposition unknown." The record shows that counsel did just that, and more. Counsel requested the "disposition unknown" provision be removed from Paragraph 52.[38] He further requested that Paragraphs 54 and 56 be removed in their entirety.[39] Counsel's performance can hardly be declared deficient where he did just what Petitioner claims he should have. Moreover, Petitioner has failed to show any prejudice as a result of counsel's conduct, only the possibility that these paragraphs might increase his security score and impair his ability to transition to a halfway house. Moreover, Petitioner cannot demonstrate prejudice where BOP records reflect that Petitioner is currently in a residential reentry center. Therefore, this claim fails.

### III. CONCLUSION

Based upon the above, it is therefore

ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Docket No. 1) is DENIED in part as set forth above. It is further

ORDERED that the Court will hold an evidentiary hearing on October 7, 2024, at 9:30 a.m. on Petitioner's claim of ineffective assistance related to counsel's failure to file an appeal.

---

[38] Case No. 2:16-CR-167 TS, Docket No. 45, at 5.

[39] *Id.*

DATED this 25th day of September, 2024.

BY THE COURT:

*signature*

Ted Stewart
United States District Judge